O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. CR 92-00256 DDP |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S RENEWED** |
| | ) | **MOTION FOR A REDUCTION OF** |
| v. | ) | **SENTENCE AND PETITION FOR WRIT OF** |
| | ) | **AUDITA QUERELA** |
| RODOLFO TRUJILLO, | ) | |
| | ) | [Motion filed on May 20, 2009] |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

Presently before the Court is Defendant's Renewed Motion for a Reduction of Sentence and, alternatively, Defendant's Petition for Writ of Audita Querela.  Having reviewed the papers submitted to the court, the court DENIES Defendant's motion.

### FACTUAL BACKGROUND

On April 21, 1993, Defendant was found guilty following a 14-day jury trial.  Defendant was charged with conspiracy to distribute and possession of 186 kilograms of cocain; conspiracy to distribute and possession of 2,146 kilograms of cocain; and possession with intent to distribute 583 kilograms of cocain.  On November 30, 1993, the court sentenced Defendant to 360 months

imprisonment, based on an offense level of 42. The Ninth Circuit affirmed Defendant's conviction on appeal.

On June 13, 1996, Defendant filed his first Motion to Reduce Sentence Pursuant to 18 U.S.C. 3582(c)(2)("First Motion to Reduce"). (Dkt. No. 296.) This motion was predicated upon the enactment of Amendment 505 to the U.S. Sentencing Guidelines, which amended the drug quantity table and set a maximum offense level of 38 for 150 kilograms or more of cocaine. U.S.S.G. §2D1.1(C)(1). This amendment to the drug quantity table is retroactive. U.S.S.G. § 1B1.10(a), (c). Amendment 505, however, included a caveat. Application Note 16 provided that, "in an extraordinary case, an upward departure above offense level 38 on the basis of drug quantity may be warranted. For example, an upward departure may be warranted where the quantity is at least ten times the minimum required." U.S.S.G. 1B1.10(b).

In January 1998, the reviewing court declined to reduce Defendant's sentence. The court determined that under Amendment 505 an upward departure of four offense levels to offense level 42 and a sentence of 360 months was warranted, as the 2,146 kilograms of cocaine at issue in Defendant's case was significantly above "ten times" the 150 kilograms specified in Amendment 505.

On April 28, 1997, Defendant filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody. (Dkt. No. 311.) In this motion Defendant alleged his appellate counsel provided ineffective assistance by failing to raise meritorious issues upon appeal of Defendant's conviction to the Ninth Circuit. The reviewing court also denied this motion. The Ninth Circuit affirmed the denial of Defendant's § 2255 motion

2

1  on March 9, 1999.  <u>United States v. Trujillo</u>,172 F.3d 877(9th Cir.

2  1999).

3      On May 20, 2009, Defendant filed a Renewed Motion for

4  Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) or, in the

5  alternative, a Motion for a Writ of Audita Querela.  Defendant's

6  section 3582(c)(2) motion again requests that the court reduce

7  Defendant's sentence to reflect the lowered maximum offense level

8  enacted by Amendment 505 to the Sentencing Guidelines.

9  Additionally, Defendant's section 3582(c)(2) motion argues that a

10  reduced sentence is warranted because of the U.S. Supreme Court's

11  decision in <u>United States v. Booker</u>, 543 U.S. 220, 245 (2005).

12  Defendant alternatively petitions the court for a writ of <u>audita</u>

13  <u>querela</u> to reduce his current sentence.  Defendant argues that the

14  Supreme Court's decision in <u>Booker</u> created a gap in post-conviction

15  relief, entitling Defendant to a writ of <u>audita querela</u> to obtain a

16  reduced sentence.

17                          **<u>DISCUSSION</u>**

18      Defendant petitions this court for a sentence reduction

19  pursuant to 18 U.S.C. § 3582(C)(2).  Defendant argues that he is

20  entitled to a sentence reduction under section 3582(C)(2) because

21  of the Supreme Court's 2005 ruling in <u>United States v. Booker</u>, 543

22  U.S. 220, 245 (2005).  The court disagrees.

23      The Supreme Court's decision in <u>Booker</u> by itself does not

24  satisfy the requirements necessary for the court to reduce

25  Defendant's sentence under section 3582(C)(2).  <u>See</u> 18 U.S.C.

26  3582(C)(2); <u>Booker</u>, 543 U.S. at 245.  In <u>Booker</u>, the Supreme Court

27  held that sentencing guidelines are advisory not mandatory.  543

28  U.S. at 245.  The Court did not lower the sentencing guidelines.

1   <u>United States v. Carrington</u>, 503 F.3d 888, 891 (9th Cir. 2007).

2 Furthermore, the Court's decision in <u>Booker</u> was a decision of the

3 Supreme Court, and not a reduction in the sentencing guidelines

4 enacted by the Sentencing Commission as required pursuant to

5 section 3582(C)(2).  18 U.S.C 3285(C)(2).  <u>See</u> <u>Carrington</u>, 503 F.3d

6 at 890-91 (explaining that "<u>Booker</u> did not lower sentencing ranges,

7 nor was <u>Booker</u> an action 'by the Sentencing Commission,'" as

8 required to modify a sentence under §3582(c)(2)).  Accordingly,

9 <u>Booker</u> does not stand for the proposition that this court may

10 employ 18 U.S.C. § 3582(C)(2) to resentence Defendant under the now

11 advisory sentencing guidelines.  The court declines to resentence

12 Defendant on this basis.

13      Defendant next asks this court to consider whether or not to

14 use its discretion to reduce Defendant's sentence pursuant to

15 Amendments 505 and 536. (Renewed Motion 3.)  Amendment 505 to the

16 U.S. Sentencing Guidelines, enacted by the Sentencing Commission,

17 amended the drug quantity table and lowered the maximum offense

18 level for over 150 kilograms of cocaine to level 38.  U.S.S.G. §

19 2D1.1(C)(1).  Amendment 536 made this reduction in the maximum

20 offense level retroactive.  U.S.S.G. § 1B1.10(a), (c).  These

21 amendments were the basis for Defendant's previous section

22 3582(C)(2) motion, which Defendant filed in 1996 and which another

23 judge in this district denied.

24      In reviewing Defendant's 1996 motion, the court "'consider[ed]

25 the sentence that [the court] would have imposed had the

26 amendment(s) to the guidelines . . . been in effect at the time the

27 defendant was sentenced.'" (Denial 2 (quoting U.S.S.G. §

28 1B1.10(b)).)  The court applied the new sentencing guidelines to

Defendant's sentence and determined that a sentence reduction was inappropriate.   (Id. 3.)   In reaching this conclusion the court relied on Application Note 17 to U.S.S.G. § 2D1.1   (Id. 3.)   Note 17 states that in an "extraordinary case, an upward departure above offense level 38 on the basis of drug quantity may be warranted. For example, an upward departure may be warranted where the quantity is at least ten times the minimum quantity for level 38." U.S.S.G. 2D1.1, Note 17.   In its January 8, 1998, Order, the court reasoned that an "upward departure of 4 levels, pursuant to application note 17, above level 38, is warranted because of the excessive quantity of drugs involved."   (Denial 4.)

Defendant now returns to this court with a renewed motion for reconsideration.   Amendment 505 and Amendment 536 do not expressly limit the number of times a Defendant can move for a reduced sentence.   See 18 U.S.C. 3582(C)(2).   Defendant argues that this lack of an explicit limitation on the number of times the court may review a defendant's sentence enables this court to use to use its discretion to overrule the prior decision and reduce Defendant's sentence to reflect Amendment 505's lowered maximum offense level. (Renewed Motion 5.)   The court declines to do so.

Defendant's conviction involved more than 2,800 kilograms of cocaine, an amount well above ten times the 150 kilogram minimum in Amendment 505's amended drug quantity table.   (Denial 3-4.)   In addition, Defendant was one of the masterminds behind the conspiracy, storage, and distribution of the cocain at issue.   In light of these facts, the court has considering Defendant's sentence under the new guidelines pursuant to Amendment 505 and concludes that here — where more than 10 times the maximum drug

quantity established by offense level 38 was in Defendant's possession — an upward departure is warranted.  Accordingly, the court declines to exercise its discretion and declines to resentence Defendant.

Finally, Defendant's motion includes a petition in the alternative for a writ of <u>audita querla</u>.  This form of relief is also unavailable.  A common law remedy, a writ of <u>audita querla</u> is employed to fill gaps in post-conviction relief.  <u>See United States v. Valdez-Pacheco</u>, 237 F.3d 1077, 1079 (9th Cir. 2001).  A writ of <u>audita querla</u> is "used to attack a judgment that was correct when rendered, but later became incorrect because of circumstances that arose after the judgment was issued."  <u>Carrington</u>, 503 F.3d at 890 fn. 2; <u>see also</u> <u>Doe v. INS</u>, 120 F.3d 200, 203 (9th Cir. 1997). In the present action, there is no "gap in post-conviction relief" warranting the award of a writ of <u>audita querla</u>.

Defendant argues that the Supreme Court's decision in <u>Booker</u> created the requisite gap in post-conviction relief because, while the mandatory sentencing guidelines which he was originally sentenced under were determined to be unconstitutional, this holding was not made retroactive.  The Ninth Circuit explicitly rejected this argument and determined that <u>Booker</u> did not create a "gap in post-conviction relief" for defendants sentenced prior to the Supreme Court's ruling in 2005.  <u>United States v. Gamboa</u>, 608 F.3d 492, 294-95. (9th Cir. 2010).

Additionally, the Ninth Circuit has held that a "federal prisoner may not challenge a conviction or sentence by way of a petition for a writ of <u>audita querla</u> when that challenge is cognizable under 28 U.S.C. § 2255."  <u>United States v. Valdez-</u>

1  <u>Pacheco</u>, 237 F.3d 1077, 1080 (9th Cir. 2001); <u>Carrington</u>, 503 F.3d

2  at 890.  Even if Defendant were granted permission to file this

3  complaint as a § 2255 habeas petition, such a petition would fail,

4  as the <u>Booker</u> decision does not apply to cases on collateral

5  review.  <u>Gamboa</u>, 608 F.3d at 495.

6                          **CONCLUSION**

7       For the reasons stated above, Defendant's Renewed Motion for a

8  Reduction of Sentence is DENIED and Defendant's Petition for Writ

9  of Audita Querela is DENIED.

10

11  IT IS SO ORDERED.

12

13

14  Dated: August 31, 2011

15                                        DEAN D. PREGERSON
                                          United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28