O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 92-00256 DDP (1) |
| Plaintiff, | **ORDER RE REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)** |
| v. | |
| RODOLFO TRUJILLO, | [Motion filed on May 20, 2009] |
| Defendant. | |

Before the court is Defendant's Renewed Motion for a Reduction of Sentence. The Court previously denied the Motion. (Dkt No. 350.) In light of the Ninth Circuit's Mandate vacating this decision and remanding the case, (Dkt No. 360), the court has reconsidered the matter and now GRANTS the Motion. As further explained below, Defendant's sentence is reduced to **time served**.

cc: same as that of a Judgment and Comment Order and the U. S. Sentencing Commission

**I.   Background**

On April 21, 1993, Defendant was found guilty following a 14-day jury trial. Defendant was charged with conspiracy to distribute and possession of 186 kilograms of cocaine; conspiracy to distribute and possession of 2,146 kilograms of cocaine; and possession with intent to distribute 583 kilograms of cocaine. On November 30, 1993, the court sentenced Defendant to 360 months imprisonment, based on an offense level of 42. The Ninth Circuit affirmed Defendant's conviction on appeal.

On June 13, 1996, Defendant filed his first Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2). (Dkt. No. 296.) This motion was predicated upon the enactment of Amendment 505 to the U.S. Sentencing Guidelines, which amended the drug quantity table and set a maximum offense level of 38 for 150 kilograms or more of cocaine. U.S.S.G. §2D1.1(C)(1). This amendment to the drug quantity table is retroactive. U.S.S.G. § 1B1.10(a),(c). Amendment 505, however, included a caveat. Application Note 16 provided that, "in an extraordinary case, an upward departure above offense level 38 on the basis of drug quantity may be warranted. For example, an upward departure may be warranted where the quantity is at least ten times the minimum required." U.S.S.G. 1B1.10(b).

In January 1998, the reviewing court declined to reduce Defendant's sentence. The court determined that under Amendment 505, an upward departure of four offense levels to offense level 42 and a sentence of 360 months was warranted, as the 2,915 kilograms of cocaine at issue in Defendant's case was significantly more than "ten times" the 150 kilograms specified in Amendment 505.

On April 28, 1997, Defendant filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody. (Dkt. No. 311.) In this motion, Defendant alleged his appellate counsel provided ineffective assistance by failing to raise meritorious issues upon appeal of Defendant's conviction to the Ninth Circuit. The reviewing court also denied this motion. The Ninth Circuit affirmed the denial of Defendant's § 2255 motion on March 9, 1999. United States v. Trujillo,172 F.3d 877(9th Cir. 1999).

On May 20, 2009, Defendant filed a Renewed Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) or, in the alternative, a Motion for a Writ of Audita Querela. Defendant's § 3582(c)(2) Motion again requested that the court reduce Defendant's sentence to reflect the lowered maximum offense level enacted by Amendment 505 to the Sentencing Guidelines. On August 31, 2011, this court denied the Motion, primarily in light of the quantity of drugs involved Defendant's criminal acts.[1] (Dkt No. 350.)

Defendant appealed. On July 2, 2013, the Ninth Circuit issued a Mandate vacating the August 31, 2011 Order and remanded the case on the grounds that the court did not adequately consider Defendant's arguments for a reduction of sentence based on the sentencing factors set forth in 18 U.S.C. § 3553(a). (Dkt. No. 359 at 5-6.)

///
///

---

[1] The court also denied Defendant's Petition for Writ of Audita Querela, a decision that was not disturbed on appeal. (Dkt. No. 350 at 6.)

3

**II.  Discussion**

In light of the Ninth Circuit's Mandate, the court has reconsidered the sentence in view of the § 3553(a) factors and concluded that a reduction of Defendant's sentence is appropriate.

With respect to the "nature and circumstances of the offense" under § 3553(a)(1), the extraordinarily large quantity of drugs that were involved in Defendant's criminal acts--2,915 kilograms of cocaine--is a significant aggravating factor. As noted, the excessive quantity of drugs was the principal basis for the order denying Defendant's initial § 3582(c)(2) motion. The quantity of drugs was also the principal basis on which the government argued that the § 3553(a) factors weighed against granting the instant Motion and a key basis on which the court denied the Motion. (See Dkt No. 347 at 14; DKT No. 350 at 5-6.)

However, Defendant has pointed to additional factors under § 3553(a) that weigh in favor of a reduction of the sentence imposed. First, during his incarceration, Defendant has demonstrated a sustained commitment to rehabilitating himself. Under Pepper v. United States, 131 S. Ct. 1229, 1242 (2011), the court may consider post-sentencing rehabilitation as relevant, inter alia, to the defendant's likelihood of recidivism under § 3553(a)(2). During his incarceration, Defendant has obtained a GED, taken life skills classes in parenting and anger management, as well as courses in arts, computers, business, and mentoring; with brief breaks, he has been employed in a Bureau of Prisons recreation department consistently since 1998; and he has served as a volunteer with the inmate companion program, which functions as a form of suicide watch. As of the filing of Defendant's Motion, he had been free of

disciplinary issues during seventeen years in custody. The court is persuaded that Defendant's efforts to rehabilitate himself merit substantial weight in favor of a reduction of sentence.

Second, Defendant, now at least 56-years-old, appears to be in poor health. He was diagnosed with coronary artery disease in 2007 and has undergone coronary artery bypass surgery. This further suggests that a lesser sentence is adequate to protect the public from further crimes of the defendant under § 3553(a)(2)(c).

Third, the interest in avoiding unwarranted sentencing disparities under § 3553(a)(6) supports a reduction of Defendant's sentence. Most notably, in United States v. Zakharov, 468 F.3d 1171 (9th Cir. 2006), a defendant who was convicted of possession and conspiracy to possess with intent to distribute 9,200 kilograms of cocaine was sentenced to 240 months of imprisonment with five years of release. The sentence was imposed following enactment of the current Guidelines and the Application Note permitting an upward departure above offense level 38 on the basis of drug quantity. U.S.S.G. 1B1.10(b). By contrast, Defendant in the instant case was sentenced to 360 months for possession and distribution crimes involving 2,915 kilograms of cocaine, a substantially longer sentence for crimes involving a lesser quantity of cocaine. Defendant's sentence is also longer than that imposed in United States v. Perlaza, 439 F.3d 1149, 1155, 1158 (9th Cir. 2006), where nine defendants convicted of smuggling 2,000 kilograms of cocaine were given sentences of 200 months or less. These disparities weigh in favor of a lesser sentence in the instant case.

At present, Defendant has served approximately 244 months. Weighing the § 3553(a) factors, the court concludes that this

5

duration of confinement is sufficient, but not greater than is necessary, to serve the need for the sentence imposed. Accordingly, the court will reduce Defendant's sentence to time served, with five years of supervised release.

### III. Conclusion

For the reasons stated above, Defendant's Renewed Motion for a Reduction of Sentence is GRANTED. Defendant is committed to the Bureau of Prisons for a term of **time served**, with five years of supervised release under the terms and conditions originally imposed, except that any drug testing shall not exceed six tests per month.

IT IS SO ORDERED.

Dated: April 7, 2014

DEAN D. PREGERSON
United States District Judge